# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| WILLIAM WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | CASE NO. 3:17-cv-5728 RJB-TLF<br><br>ORDER DENYING MOTION FOR COUNSEL AND EXPANDED DISCOVERY |

Before the Court is Plaintiff William Washington's motion for the appointment of counsel and motion for expanded discovery. Dkt. 25. The undersigned separately recommended that the Court deny Mr. Washington's request for a temporary restraining order, which he made in the same motion. *See id.* Mr. Washington asserts that he requires appointment of counsel because the inmate assisting him with his lawsuit will be unavailable to help him in the future and he does not have the training and education to handle the medical issues in this case. *Id.* He also asks that the Court expand the discovery limits provided under Federal Rule of Civil Procedure (FRCP) 33. *Id.*

REPORT AND RECOMMENDATION - 1

# DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id*.

Plaintiff has thus far demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex. Plaintiff's incarceration and limited legal training are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants. Plaintiff's hypothetical lack of access to the "jailhouse lawyer" who has been assisting him does not substitute for a showing that Plaintiff is unable to articulate his claims or that the case is exceptionally complex.

Plaintiff also has not shown a likelihood of success on the merits. *See Wilborn*, 789 F.2d at 1331. Plaintiff points to cases that he contends are factually similar, in which federal courts have awarded relief to plaintiffs with hepatitis C. Dkt. 25, pp. 2-3. Those cases, like this one, are highly fact specific and their outcomes depended not only on the plaintiffs' medical conditions but on the actions and state of mind of the defendants. *See generally B.E. v. Teeter*, No. C16-227-JCC, 2016 U.S. Dist. LEXIS 70021 (W.D. Wash. May 27, 2016); *Abu-Jamal v. Wetzel*, No.

3:16-CV-2000, 2017 U.S. Dist. LEXIS 368 (M.D. Pa. Jan. 3, 2017). As the undersigned indicated in recommending that the Court deny Mr. Washington's motion for a temporary restraining order, the record to this point does not support Plaintiff's contention that defendants have acted with deliberate indifference.

Finally, Plaintiff's request that the Court alter the discovery rules for interrogatories under FRCP 33 is premature, as the case has not proceeded to discovery yet.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for the appointment of counsel (Dkt. 25) is **DENIED.**

(2) Plaintiff's motion to expand discovery at this stage (Dkt. 25) is **DENIED**.

(2) The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

Dated this 22nd day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3